Eufemia Pérez Acosta, demandante y apelada, *v.* Guillermo Pérez Acosta, demandado y apelante.

No. 4258.—*Visto:* Mayo 16, 1927. *Resuelto:* Mayo 25, 1927.

1. Apelación y Error—Desestimación, Retiro y Abandono—Causas de Desestimación—Apelación no Perseguida con la Debida Diligencia.—Cuando las partes radican una estipulación escrita conviniéndose en los hechos del caso, y aceptada por la corte, ésta actúa en virtud de la misma, no es necesario, en ausencia de demostración sobre la necesidad de incorporar algo más, ninguna otra incorporación de la evidencia, y por eso el apelante no necesitaba más tiempo.

2. Apelación y Error—Desestimación, Retiro y Abandono—Causas de Desestemación—Apelación no Perseguida con la Debida Diligencia.—Una apelación pendiente innecesariamente por más de noventa días, si no procede su desestimación por alguna otra razón que ésa, procedería de acuerdo con el artículo 59 del Reglamento.

Moción sobre desestimación de apelación, entablada ésta contra sentencia de *Domingo Sepúlveda,* J. (San Juan), en acción sobre cobro de pagaré. *Desestimada la apelación.*

*José Martínez Dávila,* abogado del apelante; *Juan B. Soto,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Corte de Distrito de San Juan dictó sentencia en

contra del demandado. Este apeló con fecha 20 de diciembre de 1926. Se trata ahora de una moción de desestimación basada esencialmente en el fundamento de que la transcripción de autos no fué elevada a esta corte dentro de los treinta días de haberse radicado el escrito de apelación. En realidad, cuando se radicó la moción ya habían transcurrido más de cuatro meses.

Para oponerse a la moción, el apelante presenta una certificación del Secretario de la Corte de Distrito de San Juan al efecto de que dicha corte, con fecha 19 de abril de 1927, le concedió una prórroga de treinta días para radicar la transcripción de la evidencia.

[1, 2] La teoría de la moción de desestimación es que no era necesaria la transcripción de la evidencia, ya que las partes radicaron en la corte una estipulación escrita en virtud de la cual convenían en todos los hechos del caso. Basada en esta estipulación, y sin celebrar ninguna otra vista, la corte dictó sentencia.

Si bien cuando las partes llegan a una estipulación con respecto a todos los hechos podrían imaginarse casos en que sería necesaria la transcripción de la evidencia, sin embargo, la regla debe ser que cuando las partes radican una estipulación escrita aceptada por la corte, y ésta actúa en virtud de la misma, no es necesaria ninguna otra incorporación de la evidencia. Así lo resolveremos, no habiendo el apelante demostrado que era necesario incorporar algo más.

La estipulación en este caso contenía como veintitrés líneas de materia mecanografiada. De todos modos, para reproducirla no era necesario utilizar los servicios de los atareados taquígrafos de la corte de distrito. Pudo obtenerse copia de la misma, la cual pudo haber sido certificada por el secretario o las partes, bien formara ya la estipulación parte del legajo de la sentencia o no. Bajo estas circunstancias, la apelación ha estado pendiente innecesaria-

mente por más de noventa días, y si no procediera la desestimación por alguna otra razón, procedería de acuerdo con la sección 59 del Reglamento de este tribunal.

Aunque sentimos grandes simpatías por los atareados jueces de la Corte de Distrito de San Juan, una inspección revelaría evidentemente que éste es un caso en que no debió haberse concedido prórroga alguna.

*Debe desestimarse la apelación.*